UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION,<br><br>                        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES; DEPARTMENT OF JUSTICE; DEPARTMENT OF LABOR; DEPARTMENT OF THE TREASURY,<br><br>                        Defendants. | Civil Action No. 1:17-cv-5514 |

## COMPLAINT FOR INJUNCTIVE RELIEF

### Preliminary Statement

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the release of agency records related to potential religious exemptions from generally applicable nondiscrimination requirements in federally funded programs.

2. In February 2017, media outlets reported that President Donald Trump planned to issue an executive order that would require federal agencies to fund, authorize, and endorse religiously motivated discrimination against lesbian, gay, bisexual, and transgender ("LGBT") individuals, women, religious minorities, people seeking reproductive healthcare, and children who receive federal services.

3. The executive order under consideration would have granted a broad exemption to existing protections under the Patient Protection and Affordable Care Act,

42 U.S.C. § 18001, *et seq.*, authorizing employers and universities to use their religious beliefs to block employees' and students' health insurance coverage for contraception.

4. The executive order under consideration would have authorized discrimination against same-sex couples and unmarried mothers based on religious beliefs across a host of federal programs and services.

5. The executive order under consideration would have authorized child welfare agencies that receive federal funding to put religious doctrine above the best interest of the children in their care.

6. And the executive order under consideration would have allowed government employees and taxpayer-funded social services providers to discriminate against religious minorities.

7. Although President Trump did not sign the executive order in February, the Trump administration is still actively considering similar plans to authorize religiously-motivated discrimination in federal programs through new executive orders or regulations.

8. Plaintiff American Civil Liberties Union ("ACLU") has therefore sought documents to uncover the details of the Trump Administration's plans to authorize religious exemptions from nondiscrimination requirements.

9. On March 3, 2017, Plaintiff filed FOIA requests with the Department of Health & Human Services, the Department of Labor, the Department of Justice, and the Department of the Treasury.

10. To date, none of the Defendants has processed the ACLU's requests, provided responsive documents, or asserted any applicable basis for withholding disclosure.

11.     Plaintiff is legally entitled to these documents, which were requested approximately four months ago. Defendants have far exceeded the statutory and regulatory time limitations to respond.

12.     Plaintiffs seek an injunction ordering Defendants to respond to Plaintiff's FOIA requests, conduct a thorough search for all responsive records, and provide the requested documents.

### Jurisdiction and Venue

13.     This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552(a)(4)(A)(vii). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706.

14.     Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because Plaintiff's principal place of business is in New York.

### Parties

15.     Plaintiff is a non-profit organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties. The ACLU is a nationwide, non-profit, non-partisan organization with more than 1,500,000 members dedicated to the constitutional principles of liberty and equality.   The ACLU has filed multiple FOIA requests pertaining to the government's policies.

16.     The Department of Health & Human Services ("HHS") is a Department of the Executive Branch of the United States government. HHS is an agency within the meaning of 5 U.S.C. § 552(f)(1).

17. The Department of Justice ("DOJ") is a Department of the Executive Branch of the United States government. DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1).

18. The Department of Labor ("DOL") is a Department of the Executive Branch of the United States government. DOL is an agency within the meaning of 5 U.S.C. § 552(f)(1).

19. The Department of the Treasury (the "Treasury Department") is a Department of the Executive Branch of the United States government. The Treasury Department is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## The FOIA Requests and the Agency's Response

20. On March 3, 2017, Plaintiff filed a FOIA request with each of the Defendants seeking, *inter alia*, documents related to new religious exemptions that would authorize discrimination against LGBT individuals, women, religious minorities, people seeking reproductive healthcare, and children who receive services in federally funded programs. *See* Exs. A, B, C, D.

21. To date, none of the Defendants has processed the ACLU's requests, provided responsive documents, or asserted any applicable basis for withholding disclosure.

22. Defendants have failed to comply with the time limits imposed by the FOIA statute and Defendants' regulations.

23. Under the FOIA statute, an agency must determine whether to comply with the request within 20 days (excluding weekends and legal holidays) after receiving it. 5 U.S.C. § 522 (a)(6)(A)(i).

24.     Defendants have failed to make an initial determination with respect to Plaintiffs' request within the timeframe set by FOIA, and Plaintiffs therefore are deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

### **Plaintiff's Entitlement to a Waiver of or Reduced Processing Fees**

25.     Plaintiff also asked for a waiver or reduction of document search, review, and duplication fees because disclosure is "likely to contribute significantly to the public understanding of the activities or operations of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 28 C.F.R. § 16.10(k); 29 C.F.R. § 70.41; 31 C.F.R. § 1.7; 45 C.F.R. § 5.45.

26.     The records sought in the instant request will significantly contribute to the public understanding of the operations and activities of Defendants and their grantees. In addition, disclosure is not in the Plaintiff's commercial interest. Plaintiff will evaluate the disclosed documents and, depending on what is contained in the documents, may well disseminate the information to the public. If Plaintiff publicly discloses information obtained through the FOIA, it will do so at no cost to the public.

27.     Plaintiff is also entitled to a waiver or reduction of fees because the Plaintiff qualifies as a "representative of the news media" and the records are not sought for commercial use. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also* 28 C.F.R. § 16.10(k); 29 C.F.R. § 70.41; 31 C.F.R. § 1.7; 45 C.F.R. § 5.45.

28.     Plaintiff is a representative of the news media for the purposes of FOIA because it is an entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn raw materials into a distinct work, and distributes that work to an audience.

29. Plaintiff does not seek the requested information for commercial reasons. Plaintiff summarizes, explains, and disseminates the information it gathers through FOIA requests at no cost to the public.

## Causes of Action

30. Plaintiff repeats and realleges paragraphs 1-29.

31. Defendants' failure to timely make available the records sought by Plaintiff's request violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and Defendants' corresponding regulations.

32. Defendants' failure to make a reasonable effort to search for records responsive to the Plaintiff's requests violates FOIA, 5 U.S.C. § 552(a)(3)(C), and Defendants' corresponding regulations.

33. Defendants' failure to officially grant Plaintiff's request for a waiver of fees violates FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and Defendants' corresponding regulations.

34. Defendants' failure to officially grant Plaintiff's requests for a reduction of fees violates FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), and Defendants' corresponding regulations.

## Requested Relief

WHEREFORE, Plaintiff prays that this Court:

1. Order Defendants to immediately process all requested records;
2. Order Defendants to conduct a thorough search for all responsive records;
3. Order Defendants to promptly disclose the requested records in their entirety and make copies available to Plaintiff;
4. Enjoin Defendants from charging Plaintiff fees for the processing of their request;

5. Award Plaintiff its costs and reasonable attorneys' fees incurred in this action under 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as the Court may deem just and proper.

                                        Respectfully submitted,

Dated: July 20, 2017                /s/Joshua A. Block

                                        _____

Joshua A. Block
Leslie Cooper
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: 212-549-2627
Fax: 212-549-2650

*Attorneys for Plaintiff*