# Exhibit A

**ACLU**
AMERICAN CIVIL LIBERTIES UNION FOUNDATION

March 3, 2017

BRIGITTE AMIRI
*SENIOR STAFF ATTORNEY*
*Reproductive Freedom Project*
T/212.519.7897
bamiri@aclu.org

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
WWW.ACLU.ORG

By Certified Mail,
Return Receipt Requested and
Electronic Mail

FOIA Officer
Department of Health and Human Services
Freedom of Information Officer
Hubert H. Humphrey Building, Room 729H
200 Independence Avenue, SW
Washington, DC  20201
Email: FOIAREQUEST@HHS.gov

To Whom It May Concern:

This is a request for production of records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the implementing regulations of the Department of Health and Human Services (HHS), 45 C.F.R. Pt. 5, on behalf of the American Civil Liberties Union (ACLU).

The ACLU seeks documents regarding the potential expansion of religious exemptions that require the federal government to fund, authorize, and endorse myriad forms of discrimination against lesbian, gay, bisexual, and transgender (LGBT) individuals, women, religious minorities, and children who receive services in federal programs.

### Definitions

For purposes of this request, the term "materials" includes but is not limited to any and all objects, writings, drawings, graphs, charts, tables, electronic or computerized data compilations, budgets, accountings, balance sheets or other financial statements, invoices, receipts, minutes, emails, electronic or computerized documents, photographs, audiotapes, videotapes, transcripts, drafts, correspondence, notes, notes of oral communications, and non-identical copies, including but not limited to copies with notations.

For purposes of this request, the term "HHS" means any individual or group of individuals working for HHS and any sub-department, office, board, program, group, agency, bureau, administration, and/or other subdivision within HHS.

### Requests

Please provide the following:

1. Any and all materials from January 1, 2017, until present, relating to:

   a. Changes or potential changes to rules, regulations, guidance, or guidelines related to the women's preventive health requirement, 42 U.S.C. § 300gg-13(a)(4), including the women's preventive guidelines posted on the Health Resources & Services Administration's website, and a potential expansion of the religious exemption for certain women's preventive services, such as contraception.

   b. Changes or potential changes to regulations or guidelines promulgated under or related to Section 1557 of the Affordable Care Act.

   c. Changes or potential changes to rules, regulations, guidance, or guidelines related to health insurance coverage for abortion in the individual health insurance market, including plans offered on federally facilitated exchanges or state-sponsored exchanges.

   d. Changes or potential changes to rules, regulations, guidance, or guidelines related to exemptions for government contractors or grantees who provide child welfare services and who have religious objections to provide, facilitate, or refer for certain services.

   e. Changes or potential changes to rules, regulations, guidance, or guidelines related allowing any person, business, house of worship, or religious organization that is a recipient of or offeror for a government contract, subcontract, grant, purchase order, or cooperative agreement to make hiring decisions based on religious beliefs.

   f. Changes or potential changes to rules, regulations, guidance, or guidelines related to tax penalties, denial or delay of tax exempt status, or denial of tax deductions by houses of worship or nonprofit organizations because they speak about politics, candidates running for government office, marriage for same sex couples, extra-marital sex, gender and gender identity, contraception, and abortion.

   g. Changes or potential changes to rules, regulations, guidance, or guidelines related to when HHS will take adverse action against federal employees, contractors, or grantees on the basis of speaking about (or refusing to speak about) marriage for same sex couples, extra-marital sex, gender and gender identity, contraception, and abortion.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

  h. The legality of expanding the ability of or allowing federal employees, grantees, contractors, and subcontractors to deny, refuse to facilitate, or refuse to refer for certain services to LGBT people, same-sex couples, women, or people of other faiths.

We request that you produce responsive materials in their entirety, including all attachments, appendices, enclosures, and/or exhibits. However, to the extent that a response to this request would require HHS to provide multiple copies of identical material, the request is limited so that only one copy of the identical material is requested.

In the event you determine that materials contain information that falls within the statutory exemptions to mandatory disclosure, we request that such information be reviewed for possible discretionary disclosure. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 293 (1979). We also request that, in accordance with 5 U.S.C. § 552(b), any and all reasonably segregable portions of otherwise exempt materials be produced. To the extent the request is denied, we expect to receive notice in writing, including a description of the information withheld, the reasons for denial, and any exemptions relied upon. *See* 5 C.F.R. § 5.33.

Because we ask that you respond to our request as quickly as possible, and thus do not wish to slow down the agency's response, we do not ask for a fee waiver if the fee pursuant to 5 U.S.C. § 552(a)(4)(A) and 45 C.F.R. § 5.43 associated with this request is less than $500.00.

If, however, the fee exceeds $500.00, we request that the fee be waived pursuant to 45 C.F.R. § 5.45. Under § 5.45, fees should be waived or reduced if disclosure is (1) in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and (2) not primarily in the commercial interest of the requester. 45 C.F.R. § 5.45. Disclosure in this case meets both of these tests; and a fee waiver would fulfill Congress's legislative intent in amending FOIA. *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers for noncommercial requesters.'"). Fees should thus be "limited to reasonable standard charges for document duplication." 5 U.S.C. § 552(a)(4)(A)(ii)(II); 45 C.F.R. § 5.41(b).

The HHS regulations provide the following factors to consider in determining whether disclosure is in the public interest: (a) how the records pertain to the operations or activities of the federal government; (b) whether disclosure of the records reveals any meaningful information about government operations or activities; whether one can learn from these records anything that is not already public knowledge; (c) whether the disclosure advances the understanding of the general public as distinguished from a narrow segment of interested persons; and (d) whether the contribution to public understanding will be significant and

substantially greater as a result of disclosure. 45 C.F.R. § 5.45(b).

Disclosure pursuant to this request is in the public interest. First, the records pertain directly to the operations and activities of the federal government. Second, the information to be learned from the requested documents is not already public knowledge.

Third, because the ACLU qualifies as a "representative of the news media" as defined by FOIA, HHS should find that the information requested is "likely to [be] disseminated to the public." *See* 45 C.F.R. § 5.45(b)(3). The ACLU meets the definition of a representative of the news media because it is "an entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn raw materials into a distinct work, and distributes that work to an audience." *National Sec. Archive v. Department of Def.*, 880 F.2d 1381, 1387 (D.C. Cir. 1989). *See also* 45 C.F.R. § 5.5 (defining representative of the media as a "publisher[ ] of periodicals" that "distribute[s]" its "products to the general public" and an entity that "disseminate[s] news through other media (e.g., electronic dissemination of text)"). The ACLU regularly gathers information on issues of public significance; uses its editorial skills to turn that information into distinct publications such as reports, newsletters, right-to-know pamphlets, fact sheets, and other educational materials; and distributes those materials to the general public through various channels, such as its heavily subscribed Web site (www.aclu.org), and newsletter sent to its more than 1,000,000 members, as well as an electronic newsletter, which is distributed to subscribers by e-mail. The ACLU is therefore a "news media entity." *Cf. Electronic Privacy Information Ctr. v. Department of Defense*, 241 F.Supp.2d 5, 10–15 (D.D.C. 2003) (finding non-profit public interest group that disseminated an electronic newsletter and published books was a "representative of the media" for purposes of FOIA).

Fourth, allowing fee waivers is in the public interest: Disclosure will contribute to the public good in a significant way because the requested records, which are all materials related to religious exemptions from laws and regulations, concern the operations of a federal agency. "[W]hat could be more important to the public's understanding of [agency] operations" than understanding whether and to what extent the agency affords religious exemptions from its policies and regulations? *Judicial Watch*, 326 F.3d at 1313.

Finally, disclosure is not in the ACLU's commercial interest, defined as "interests relating to business, trade and profit." 45 C.F.R. 5.45(c)(1). The ACLU is a "non-profit, non-partisan, public interest organization." *See Judicial Watch*, 326 F.3d at 1310. Additionally, the purpose of the request is to monitor and vindicate legal rights; it is unrelated to business, trade, or profit.

Because the ACLU meets the test for a fee waiver, fees associated with responding to FOIA requests are regularly waived for the ACLU.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Disclosure of the requested documents is in the public interest and not primarily in the commercial interest of the Requester, and if the fee exceeds $500.00, it should therefore be waived. In the event that you decide not to waive the fees if over $500.00, please provide me with prior notice so that we can discuss arrangements.

We look forward to a determination on this request from you within 10 (ten) working days, pursuant to 45 C.F.R. § 5.35. Thank you for your prompt attention to this request. Please call me at (212) 519-7897 if you have any questions or wish to obtain further information about the nature of the documents in which we are interested. The records should be sent to Brigitte Amiri, ACLU Foundation, 125 Broad Street, 18th Floor, New York, NY 10004.

Sincerely,

s/ Brigitte Amiri

Brigitte Amiri

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION